UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| ScanSource, Inc., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Courier Plus, Inc. d/b/a Dutchie, )<br>)<br>Defendant. )<br>) | Civil Action No. 6:23-cv-03805-TMC<br><br>**SCANSOURCE'S REPLY TO DUTCHIE'S ANSWER AND COUNTERCLAIM** |

ScanSource, Inc. ("ScanSource"), hereby replies to the Counterclaim of Courier Plus, Inc., d/b/a Dutchie ("Dutchie"):

1. Each and every allegation of the Complaint is realleged and incorporated by reference.

**FOR A FIRST DEFENSE TO DUTCHIE'S ANSWER AND COUNTERCLAIM**

2. Each and every allegation of the Counterclaim not expressly admitted is denied.

3. In response to Paragraph 68 of Dutchie's Answer and Counterclaim, ScanSource realleges the paragraphs above as if fully incorporated.

4. Paragraph 69 contains a legal conclusion to which no response is required. To the extent a response is required, ScanSource admits the allegations of Paragraph 69.

5. Paragraph 70 contains a legal conclusion to which no response is required. To the extent a response is required, ScanSource admits the allegations of Paragraph 70.

6. Paragraph 71 contains a legal conclusion to which no response is required. To the extent a response is required, ScanSource admits the allegations of Paragraph 71.

7. ScanSource lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 72, and therefore denies the same.

1

8. ScanSource lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 73, and therefore denies the same.

9. ScanSource admits that it is a leading hybrid distributor that connects businesses with cutting-edge technology solutions from the world's leading suppliers, selling through multiple, specialized routes to market and providing support in technical service, financial services, marketing, and certification or training, and markets itself to its potential customers as such. The remaining allegations of Paragraph 74 are denied.

10. ScanSource denies the allegations of Paragraph 75 to the extent it alleges that the contract entered into between ScanSource and Dutchie on September 28, 2021 was merely a "form" contract. The remaining allegations of Paragraph 75 are admitted.

11. ScanSource admits that ScanSource had an existing agreement with Elo and that Dutchie was not a party to the contract. The remaining allegations of Paragraph 76 are denied.

12. ScanSource admits that Dutchie sent a purchase order to ScanSource on November 18, 2021 for the products alleged. ScanSource denies the remaining allegations of Paragraph 77 because the portion of the PO quoted is incomplete and not provided in context.

13. ScanSource denies the allegations of Paragraph 78.

14. ScanSource denies the allegations of Paragraph 79.

15. ScanSource denies the allegations of Paragraph 80.

16. ScanSource admits that it entered into a First Supplement to the Customer Agreement with Dutchie. ScanSource denies the remaining allegations of Paragraph 81.

17. ScanSource denies the allegations of Paragraph 82.

18. ScanSource denies the allegations of Paragraph 83 because the quoted provision is incomplete and not provided in context.

19. ScanSource denies the allegations of Paragraph 84.

20. ScanSource denies the allegations of Paragraph 85.

21. ScanSource denies the allegations of Paragraph 86.

22. ScanSource denies the allegations of Paragraph 87.

23. ScanSource denies the allegations of Paragraph 88.

24. ScanSource denies the allegations of Paragraph 89.

25. In response to Paragraph 90, ScanSource realleges the paragraphs above as if fully incorporated.

26. ScanSource admits the allegations of Paragraph 91.

27. ScanSource denies the allegations of Paragraph 92.

28. ScanSource denies the allegations of Paragraph 93.

29. ScanSource denies the allegations of Paragraph 94.

30. ScanSource denies that Dutchie is entitled to the relief requested in the unnumbered WHEREFORE clause at the end of the Answer and Counterclaim.

## FOR A SECOND DEFENSE
### (Failure to State a Claim)

31. Dutchie's Counterclaim fails to state a claim against ScanSource for which relief may be granted.

## FOR A THIRD DEFENSE
### (Express Terms of the Contract)

32. Dutchie's Counterclaim is barred in whole or in part by the express terms of the contracts or agreements at issue.

## FOR A FOURTH DEFENSE
### (Substantial Performance)

33. ScanSource would show that it substantially performed all of its obligations under the contracts to which Dutchie is a party and, therefore, Dutchie's Counterclaim based on breach of contract is barred.

## FOR A FIFTH DEFENSE
### (Equitable Doctrines)

34. Dutchie's Counterclaim is barred by the doctrines of waiver and estoppel, and/or laches.

## FOR A SIXTH DEFENSE
### (Failure to Mitigate)

35. ScanSource raises the doctrine of failure to mitigate as a partial or total limitation on the amount of damages to which Dutchie may ultimately be entitled to recover. Such award must be reduced by the amount by which Dutchie could have, but failed to, mitigate.

## FOR A SEVENTH DEFENSE
### (No Damages)

36. Dutchie neither has nor will suffer actual damages and any damages claimed in Dutchie's Counterclaim are speculative.

(signature on the following page)

5

Respectfully submitted,

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

By: /s/ Samuel W. Outten
    Samuel W. Outten
    Federal Bar No. 2943
    E-Mail: sam.outten@nelsonmullins.com
    Abigail L. Wood
    Federal Bar No. 13803
    E-Mail: abigail.wood@nelsonmullins.com
    2 West Washington Street / Suite 400
    Post Office Box 10084 (29603-0084)
    Greenville, SC 29601
    Telephone: (864) 373-2300

*Attorneys for ScanSource, Inc.*

Greenville, South Carolina
September 21, 2023